**Pedro Dominguez RODRIGUEZ,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00945–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1994.

Ray A. Castro, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Pedro Rodriguez appeals his conviction for aggravated robbery. Rodriguez pled not guilty, was tried before the jury, and convicted. The jury assessed punishment at 5 years confinement in the Texas Department of Criminal Justice—Institutional Division. Rodriguez's sole point of error is that the evidence, in light of the indictment or jury charge, was insufficient to sustain a conviction for aggravated robbery. We reverse and render a judgment of acquittal.

On March 14, 1992, Ernest Brown, a cab driver, picked up a fare at 10:30 p.m. at a convenience store. The fare was Pedro Rodriguez. Brown testified that Rodriguez seemed to be intoxicated, so Brown asked Rodriguez to show him his money. Rodriguez did so and Brown agreed to take him to a motel on Jenson street. When they arrived, Rodriguez got out of the cab, talked to some men, and then walked away. Brown got out of the cab and followed Rodriguez. Rodriguez ran around the corner of the building and, when Brown chased him, fired a single shot at Brown. Brown ducked back around the corner. Three police officers later apprehended Rodriguez.

The indictment alleged Rodriguez:

... on or about March 14, 1992, did then and there unlawfully, while in the course of committing theft of property owned by Ernest Brown, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten or place Ernest Brown in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm.

The application paragraph of the jury charge read:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of March, 1992, in Harris County, Texas, the defendant, Pedro Dominguez Rodriguez, did then and there unlawfully while in the course of committing theft of property owned by Ernest Brown, and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Ernest Brown in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

The charge defined the following terms for the jury:

"Theft" as used herein is the unlawful appropriation of the corporeal personal property of another with the intent to deprive such other person of said property.

"Property" means tangible or intangible personal property including anything severed from the land, or a document, including money, that represents or embodies anything of value.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

■ When reviewing the sufficiency of the evidence, this Court looks at all the evidence in the light most favorable to the verdict or judgment. *Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993). We then determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Ransom*

*v. State,* 789 S.W.2d 572, 577 (Tex.Crim.App. 1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). The standard is applied to both direct and circumstantial evidence cases. *Id.*

In order to obtain a conviction, based upon the indictment and jury charge, the State had to prove beyond a reasonable doubt that Rodriguez unlawfully, while in the course of committing theft of property owned by Ernest Brown, and with intent to obtain and maintain control of the property, intentionally or knowingly threaten or place Ernest Brown in fear of imminent bodily injury or death, and did then and there use or exhibit a deadly weapon—a firearm. The State did not do this. What the State proved was theft of services, not theft of property.

■ The Texas Penal Code distinguishes between theft of property and theft of services. A person commits the general offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1994). A person commits the more specific offense of theft of services, however, if, with intent to avoid payment for a service he knows is provided only for compensation, he intentionally or knowingly secures performance of the service by deception, threat, or false token. TEX.PENAL CODE ANN. § 31.04(a)(1) (Vernon Supp.1994). The Penal Code defines service to include "telecommunication, public utility, and transportation service." TEX.PENAL CODE ANN. § 31.01(7) (Vernon Supp.1994). A cab ride meets the specific definition for a transportation service.

■ The State alleged Rodriguez exhibited or used a deadly weapon while committing theft of property, not theft of services. It proved theft of services at trial. A reasonable trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. Although such a distinction may appear to be nitpicking of the highest order, if we examine the Penal Code we can see there is a very important reason for our distinction.

The Penal Code provides that an individual commits robbery if, while in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another, or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a) (Vernon Supp.1994). The offense is elevated to aggravated robbery if the actor uses or exhibits a deadly weapon while in the course of committing the offense of robbery. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1994). Aggravated robbery is a first degree felony. TEX.PENAL CODE ANN. § 29.03(b) (Vernon Supp. 1994). Conversely, theft of services in the nature of an eight dollar cab ride is a Class C misdemeanor. TEX.PENAL CODE ANN. § 31.04(e)(1) (Vernon Supp.1994). Thus, the difference in punishment for the two offenses is significant.

The language of § 29.02(a) sets forth a crucial element: the actor must intend to obtain or maintain control over property. Because the Penal Code makes a specific distinction between theft of property generally and theft of services, and § 29.02(a) particularly refers to property, we are not convinced Texas law provides for an aggravated offense of theft of services. Nor are we convinced that it does not. The statute defines property to be personal tangible or intangible property, and the argument can certainly be made that services constitute intangible personal property. This, however, is a strained interpretation of the applicable statutes. The State has not made this leap and does not argue it on appeal.

Assuming Texas law provides for an aggravated offense of services, we believe the indictment and charge should have alleged theft of services, not theft of property. The State could then argue "services" is intangible personal property and thus included in the jury charge's definition of property. A reasonable trier of fact could then have found the essential elements of the offense beyond a reasonable doubt. The indictment in the present case, however, alleged an offense of theft of property. Nowhere does the charge indicate that "property", in particular, "intangible property", includes services. Without this crucial link, we cannot conclude that a

reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

In this regard, the State does advance a rather novel theory to support the conviction. The State postulates the "property" Rodriguez attempted to maintain control over was the money in his wallet. They argue that upon completion of the cab ride, Ernest Brown had a greater right of ownership in the money than Rodriguez. We simply cannot agree with this line of reasoning. We sustain appellant's single point of error. We reverse the conviction and render a judgment of acquittal in favor of appellant.